UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE:  GADOLINIUM BASED CONTRAST AGENTS PRODUCTS LIABILITY LITIGATION<br><br>-------------------------------------------------<br>THIS DOCUMENT APPLIES TO:<br>ALL CASES<br>------------------------------------------------- | Case No. 1:08 GD 50000<br><br>MDL No. 1909<br><br>Judge Dan Aaron Polster |

PRETRIAL ORDER NO. __2__

**(ESTABLISHING GADOLINIUM BASED CONTRAST AGENTS FEE AND EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND THE COMMON BENEFIT)**

**I.    SCOPE OF ORDER**

This Order is entered to provide for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation.

**A.    Governing Principles--The Common Benefit Doctrine**

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia*, *In re MGM Grand Hotel Fire Litigation*, 660 F.Supp. 522, 525-29 (D. Nev.

1987); and *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977).

**B.      Application**

This Order applies to all cases now pending, or later filed in, transferred to, or removed to, this Court and treated as part of the coordinated proceeding known as *In re: Gadolinium Based Contrast Agents Products Liability Litigation*. This Order further applies to all plaintiffs' attorneys who represent clients, who have cases now pending, or later filed in, transferred to, or removed to, this Court, regardless of whether the plaintiff's attorney signs the "Participation Agreement" attached hereto as Exhibit A.

**C.      Participation Agreement (Exhibit A)**

Exhibit A, attached hereto and incorporated herein, is a voluntary Participation Agreement between plaintiffs' attorneys who have cases pending in the MDL and in state court. The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only (Participating Counsel); and not Defendants. Participating Counsel include all members of the Plaintiffs' Steering Committee (PSC) (as designated in CMO No. 2) and any other plaintiffs' attorneys who sign on to Exhibit A. Participating Counsel are entitled to receive the MDL "common benefit work product" and the state court "work product" of those attorneys who have also signed the Participation Agreement, including the work product developed in the California Coordinated and New Jersey Coordinated proceedings.

The Court recognizes that plaintiffs' attorneys who have cases in separate and independent jurisdictions are voluntarily agreeing to share the common benefit work product developed in these jurisdictions. The Court further recognizes the separate and independent rights of each jurisdiction, including the jurisdictional rights and obligations of the state courts

whose parties include Participating Counsel. The Agreement and this Order shall not be cited by a party to the Participation Agreement in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

Non-PSC member plaintiffs' attorneys who have cases pending in this Court shall by the next status conference designate whether or not they are a Participating Counsel or a Non-Participating Counsel by signing the appropriate section of the Participation Agreement. PSC members are by virtue of their membership on the PSC deemed to be Participating Counsel.

## II. PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A. Establishing the Fee and Expense Funds

Plaintiffs' Liaison Counsel (PLC) is directed to establish two interest-bearing accounts to receive and disburse funds as provided in this Order (the "Funds"). The first fund shall be designated the "Gadolinium Based Contrast Agents (GBCA) Fee Fund" and the second fund shall be designated the "GBCA Expense Fund." These funds will be held subject to the direction of this Court.

By subsequent Order of this Court, the Court will appoint a qualified certified public accountant (the "CPA") to serve as Escrow Agent over the Funds and to keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Funds. Such subsequent Order shall specify the hourly rates to be charged by the CPA and for the CPA's assistants, who shall be utilized where appropriate to control costs. The CPA shall submit quarterly detailed bills to the Court and to Plaintiffs' Liaison Counsel. Upon approval, the CPA's bills shall be paid from the GBCA Expense Fund and shall be considered a shared

cost in accordance with § III. B.1., below. The PLC shall provide a copy of this Order to theCPA and the Plaintiffs' Executive Committee (PEC).

**B.     Payments into the Fee and Expense Funds:  The Assessment**

All Plaintiffs and their attorneys who, either agree or have agreed - for a monetary consideration - to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to GBCA claims are subject to an assessment of the "gross monetary recovery," as provided herein.

**1.     Gross monetary recovery**

Gross monetary recovery includes any and all amounts paid to plaintiffs' counsel by Defendants as settlement or judgment. In measuring the "gross monetary recovery," the parties are to (a) exclude court costs that are to be paid by the defendant; (b) include any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, and other healthcare providers in subrogation related to treatment of plaintiff; and (c) include the present value of any fixed and certain payments to be made in the future. The assessment shall apply to all of cases pending in the MDL or state court as well as any unfiled or tolled cases in which they are counsel or co-counsel.

**2.     Assessment Amount**

The assessment amount shall be five (5) percent for common benefit attorneys' fees and one (1) percent for costs. The assessment represents a hold back (*In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256, 266 (2d. Cir. 2006)) and shall not be altered in any way unless each of the following occurs: (1) the entire PSC is consulted and provided an opportunity to be heard prior to the filing of any motion to change the assessment amount; (2) the PSC approves the

4

proposed change to the assessment by a majority vote; and (3) noticed motion with an opportunity to be heard is granted by the Court.

### 3. Defendant Obligations

The PSC shall provide the Defendants' Liaison Counsel, plaintiff's counsel, the CPA, the Court or its designee with a list of cases and/or counsel who have entered into written agreements with the PSC. In the event there is a dispute as to whether a case should be on the list, the PSC shall resolve the matter with the particular plaintiff's counsel either informally or upon motion.

Defendants and their counsel shall not distribute any settlement proceeds to plaintiff's counsel until after (1) defendant's counsel notifies Plaintiffs' Liaison Counsel in writing of the existence of a settlement and the name of the individual plaintiff's attorney and (2) Plaintiffs' Liaison Counsel has advised defendant's counsel in writing whether or not the individual plaintiff's attorney's cases are subject to an assessment pursuant to this Order. Plaintiffs' Liaison Counsel shall be permitted to share this information with the PEC Firms, who shall otherwise keep this information confidential. For cases subject to an assessment, defendants are directed to withhold an assessment from any and all amounts paid to plaintiffs and their counsel and to pay the assessment directly into the Funds as a credit against the settlement or judgment. No orders of dismissal of any plaintiff's claim, subject to this Order, shall be entered unless accompanied by a certificate of plaintiff's and defendant's counsel that the assessment, where applicable, will be withheld and will be deposited into the Funds at the same time the settlement proceeds are paid to settling counsel. If for any reason the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the fund promptly.

Counsel for each Defendant shall provide at least quarterly notice to the Court or its designee the names and docket numbers of the cases for which it has paid an assessment into the Funds since the last such report. A report is not due if there are no payments made into the Funds by that Defendant during that quarter. Details of any individual settlement agreement, individual settlement amount and individual amounts deposited into escrow shall be confidential and shall not be disclosed by the CPA to the PEC, the PSC, the Court, or the Court's designee, unless the Court requests that it receive that information. Monthly statements from the CPA shall, however, be provided to PEC and the Court showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

### III.     COMMON BENEFIT EXPENSES

#### A.     Qualified Expenses Eligible for Reimbursement

In order to be eligible for reimbursement of common benefit expenses, said expenses must meet the requirements of this section. Specifically, said expenses must be (a) for the common benefit, (b) appropriately authorized, as set forth in the Participation Agreement, and timely submitted, (c) within the defined limitations set forth in this Order, and (d) verified.

#### B.     Shared and Held Common Benefit Expenses

##### 1.     Shared Costs

Shared Costs are costs incurred for the common benefit of the MDL as a whole. Shared Costs are costs that will be paid out of a separate GBCA Expense Fund account that has already been established by PLC and to be funded by all members of the PSC and others as determined by the PSC and its designated subcommittees. All Shared Costs must be approved by PEC prior to payment. Shared Costs include: (a) Certain Court, filing and service costs; (b) Deposition and court reporter costs for non-case specific depositions; (c) Document Depository: creation,

operation, equipment and administration; (d) Plaintiffs' Co-Lead and Liaison Counsel administrative matters (*e.g.*, expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.); (e) PSC group administration matters such as meetings and conference calls; (f) Legal and accountant fees; (g) Expert witness and consultant fees and expenses; (h) Printing, copying, coding, scanning (out of house or extraordinary firm cost) (i) Research by outside third party vendors/consultants/ attorneys; (j) Common witness expenses including travel; (k) Translation costs; (l) Bank or financial institution charges; and (m) Investigative services.

**2.    Held Costs**

Held Costs are those that will be carried by each attorney in MDL 1909 and reimbursed as and when determined by the PSC and this Court and are also those unreimbursed and authorized shared costs. Held Costs are costs incurred for the global benefit of the MDL. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as Held Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PSC and the Court for future reimbursement from the GBCA Expense Fund.

**C.    Authorization and Submission**

The Participation Agreements sets forth the guideliness for authorizating and submitting expenses for the common benefit.

**D.     Expenses Limitations**

   **1.     Travel Limitations**

Except in extraordinary circumstances approved by PEC, all travel reimbursements are subject to the following limitations:

   i.    Airfare. Only the price of a business or full fare coach seat for a reasonable itinerary will be reimbursed. First Class Airfare will not be reimbursed.

   ii.   Hotel.   Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed. Furthermore, all hotel charges for hotels located in Cleveland, Ohio shall be reimbursed, including those attached to the this Court via walkway. Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

   iii.  Meals.   Meal expenses must be reasonable.

   iv.   Cash Expenses.   Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

   v.    Rental Automobiles.   Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel.

   vi.   Mileage.   Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 50.5 cents per mile).

   **2.     Non-Travel Limitations**

   i. Long Distance and Cellular Telephone: Long distance and cellular telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to the Gadolinium MDL litigation.

   ii. Shipping, Courier, and Delivery Charges: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

      iii.   <u>Postage Charges</u>: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

      iv.   <u>Telefax Charges</u>: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

      v.   <u>In-House Photocopy</u>: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 20¢ per page.

      vi.   <u>Computerized Research – Lexis/Westlaw</u>: Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged to or allocated by the firm for these research services.

**E.**     **Verification**

The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit.

**F.**     **Costs and/or Expenses in Excess of Amounts Available in the Expenses Fund**

Any compensable costs and/or expenses that exceed the amounts available in the GBCA Expense Fund may be compensable by the GBCA Fee Fund upon Order of the Court.

**IV.**     <u>**COMMON BENEFIT WORK**</u>

**A.**     **Qualified Common Benefit Work Eligible for Reimbursement**

Only Participating Counsel are eligible for reimbursement for time and efforts expended for the common benefit. Participating Counsel shall be eligible for reimbursement for time and efforts expended for common benefit work, if said time and efforts are (a) for the common benefit, (b) appropriately authorized, as set forth in the Participation Agreement, (c) timely submitted and (d) approved by this Court.

B.  **Compensable Common Benefit Work Defined**

As the litigation progresses and common benefit work product of the same type and kind continues to be generated, the PSC will provide Participating Counsel with such common benefit work product and will otherwise cooperate with Counsel to coordinate the MDL litigation and the state litigation for the benefit of the plaintiffs.  Common Benefit Work Product includes, but is not limited to, maintenance and working in the depository, review and document coding, timelines, materials provided to experts, expert retention, the deposition cuts that may be used in a case, the trial exhibit preparation, the scientific articles assembled, PSC and PEC activities, work of lead or liaison counsel in the New Jersey and California Coordinated Proceedings, Discovery and Science Co-Chairs and committee work, expert Development authorized by the Chair of the Science Committee or PEC, authorized State and Federal Court Trials, and Company and expert depositions in state or federal court.

Common Benefit Work Product does not include trial transcripts, deposition transcripts of defendant or third party witnesses or exhibits attached thereto nor does it include actual documents produced by defendants in response to discovery.

C.  **Authorization and Time Keeping**

All time must be authorized and accurately and contemporaneously maintained.  Time shall be kept according to these guidelines as set forth in the Participation Agreement.

D.  **Distributions**

    1.  **Procedures and Forms**

The PSC shall establish forms and procedures to implement and carry out any time and expense submissions required by the Court and for reimbursement from the GBCA Funds.  Once

developed, these forms may be obtained from the PEC. The forms shall be certified by a senior partner in each firm attesting to the accuracy of the submissions. Questions regarding the guidelines or procedures or the completion of any form should be directed to the PSC or the Court.

    **2.    Court Approval.**

The amounts deposited in the GBCA Fee and Expense Funds shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit. No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order. Specifically, such sums shall be distributed only upon Order of the Court in MDL 1909. This Court retains jurisdiction over any common benefit award; and in furtherance with state federal cooperation, may receive input from the state court judges, including the coordinating judges in California and New Jersey. Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation prior to any recommendation to the Court.

    **IT IS SO ORDERED.**


**Dated:** February 20, **200** 09          s/Dan A. Polster
                                                    **Honorable Dan Aaron Polster**
                                                   **United States District Judge**