UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: GADOLINIUM-BASED CONTRAST AGENTS PRODUCTS LIABILITY LITIGATION** | Case No. 1:08 GD 50000 |
| | MDL No. 1909 |
| | **Judge Dan Aaron Polster** |
| **David Dickey,** | Individual Case No. 1:08 GD 50370 |
| **Raynaldo Zepeda,** | Individual Case No. 1:08 GD 50272 |
| **Betty Silva,** | Individual Case No. 1:08 GD 50290 |
| Plaintiffs, | |
| - against - | **MEMORANDUM OF OPINION AND ORDER** |
| The GE Defendants[1] | |

On June 1, 2009, the GE Defendants (or "GE") filed the following two motions.

**I.  GE's First Motion  (Case No. 1:08 GD 50000, ECF No. 374)**

The first motion is "GE Defendants' Motion to Dismiss for Failure to Substantiate Exposure to Omniscan" ("GE's First Motion") (**ECF No. 374**).  Therein, GE seeks dismissal of the claims against them brought by nine separate Plaintiffs (David Bean, David Dickey, John Paul Freeman, Yolanda Jones, Joy Kravatz, Nancy Ruth Lane, Betty Elaine Ricks, Jill Smiley

---

[1] "The GE Defendants" include General Electric Company, GE Healthcare, Inc. and GE Healthcare AS.

and Raynaldo Zepeda) whose Plaintiff Fact Sheets ("PFS") were either submitted, or due to be submitted, by February 2009 – and the Plaintiffs had failed to dismiss their cases despite the fact that they had yet to identify, let alone substantiate, exposure to any gadolinium based contrast agent ("GBCA").

The First Motion is no longer pending against seven of the Plaintiffs.  GE withdrew the First Motion as to Plaintiffs Freeman and Jones; GE and Plaintiff Kravatz stipulated to dismissal of her claims against GE; and Plaintiffs Bean, Lane, Ricks and Smiley dismissed their entire cases without prejudice.  The First Motion remains pending only as to Plaintiff David Dickey (**Case No. 1:08 GD 50370, ECF No. 11**) and Plaintiff Raynaldo Zepeda (**Case No. 1:08 GD 50272, ECF No. 15**).

### A. David Dickey, (**Case No. 1:08 GD 50370, ECF No. 11**)

Plaintiffs David and Lina Dickey do not deny that they lack evidence substantiating David's exposure to Omniscan (GE's GBCA).  Rather, they assert that, at the time the First Motion was filed, they had not yet provided evidence of exposure to any GBCA although David had already been diagnosed with Nephrogenic Systemic Fibrosis ("NSF"), "the signature disease caused only by gadolinium exposure."  (Case No. 1:08 GD 50370, ECF No. 12, at 2.)  They assert that, since that time, they have identified "scans with contrast" including an MRA that occurred five months prior to David's NSF diagnosis, and that they have newly discovered information regarding an MRV scan that "is an MRI of the veins that *often* utilized gadolinium contrast."  (Id. at 3, 5.)  They further assert that, when a records review pinpoints a healthcare facility that was not previously identified by Plaintiffs, records from that facility are promptly ordered, and their overall policy is to acquire records until the causative scan and the

manufacturer of the GBCA that caused the NSF are identified. (Id. at 3.) "If a scan with contrast is discovered but without product identification, Plaintiffs intend to notice third-party depositions, and take any other necessary steps" to identify the GBCA manufacturer. (Id.) Thus, Plaintiffs request an additional 90 days to complete their investigation into product identification. (Id. at 2.)

The GE Defendants argue that the Dickeys' claims against them should be dismissed because they are obligated to conduct third-party discovery promptly if they are unable to substantiate product identification, and they have largely (except for one subpoena served on one facility on March 27, 2009) failed to do so. They note, correctly, that Plaintiffs don't discuss any new discovery they intend to take but, instead, vaguely ask for more time. In the alternative, GE suggests only a very short extension of time to conduct product identification discovery.

The Court has reviewed the briefs and the record and concludes that Plaintiffs may have only 30 more days – that is, <u>until the close of business on August 20, 2009</u> – to conduct third-party discovery to ascertain whether David Dickey was administered Omniscan. Otherwise, the pending Motion will be granted and the Dickeys' claims against the GE Defendants will be dismissed with prejudice. Thus, the Court hereby **DEFERS** ruling on the Motion (**Case No. 1:08 GD 50370, ECF No. 11**) until August 21, 2009.

**B.** **Raynaldo Zepeda** (**Case No. 1:08 GD 50272, ECF No. 15**)

The argument of Plaintiffs Raynaldo Morales Zepeda and Laura Marie Lopez (together, "Plaintiffs") echoes that of David and Lina Dickey. Plaintiffs do not deny that they lack evidence substantiating Zepeda's exposure to Omniscan. Rather, they argue that Zepeda

has a diagnosis of NSF but, to date, they have failed to identify a single scan using a GBCA, let alone the GBCA manufacturer. (Case No. 1:08 GD 50272, ECF No. 16, at 2.) Rather, they argue that Methodist Specialty & Transplant Hospital ("Methodist"), where Zepeda has received the majority of his care, has just discovered 27 volumes of archived records preceding 2006 they claim will take an additional week to invoice and copy. (Id.) They also assert that they are awaiting the production of Medicaid records "which will assist in product identification once the scan is located." (Id. at 3.) Plaintiffs request an additional 90 days to complete their investigation into product identification. (Id. at 2.)

The GE Defendants argue that Plaintiffs' claims against them should be dismissed outright because they are obligated to conduct third-party discovery promptly if they are unable to substantiate product identification, and they have largely failed to do so. The GE Defendants note, correctly, that they previously filed a motion to dismiss (Case No. 1:08 GD 50272, ECF No. 11 filed on February 26, 2009), and that they withdrew the motion after agreeing to allow Plaintiffs 45 more days to conduct third-party discovery (id., ECF No. 12). Since that motion was withdrawn, Plaintiffs have had more than three months to conduct third-party discovery to no avail. In the alternative, GE suggests only a very short extension of time to conduct product identification discovery.

The Court has reviewed the briefs and the record and concludes that Plaintiffs may have no more than 30 more days – that is, <u>until the close of business on August 20, 2009</u> – to conduct third-party discovery to ascertain whether Raynaldo Zepeda was administered Omniscan. Otherwise, the pending Motion will be granted and Plaintiffs' claims against the GE

efendants will be dismissed with prejudice. Thus, the Court hereby **DEFERS** ruling on the Motion (**Case No. 1:08 GD 50272, ECF No. 15**) until August 21, 2009.

**II.     GE's Second Motion  (Case No. 1:08 GD 50000, ECF No. 375)**

The second motion is "The GE Defendants' Motion to Dismiss for Failure to Substantiate Product Identification Within 120 Days" ("GE's Second Motion") (**ECF No. 375**). Therein, GE seeks dismissal with prejudice of the claims against them brought by nine separate Plaintiffs (Joseph Battaglia, Christina Cerna, Richard Evans, Vivian Medina, Sean Montgomery, Robert Oehl, Susan Rosenbaum, Betty Silva and Manford Stewart). The GE Defendants correctly contend that the Court issued several Case Management Orders ("CMOs") the cumulative effect of which require Plaintiffs to identify, within 120 days following receipt of Part I of the Defendant Fact Sheet, the manufacturer(s) of the gadolinium-based contrast agents ("GBCAs") administered to them – or face dismissal with prejudice. (See Motion at 6-8 (citing CMO No. 5 ¶ 22; CMO No. 8 ¶ 3; CMO No. 11 ¶ 7(D)).) The Second Motion is no longer pending against eight of the Plaintiffs. GE withdrew the Second Motion as to Plaintiffs Battaglia, Cerna, Evans,[2] Medina, Oehl, Stewart and Montgomery; and GE and Plaintiff Rosenbaum stipulated to dismissal without prejudice of her claims against GE. The Second Motion remains pending only as to Plaintiff Betty Silva (**Case No. 1:08 GD 50290, ECF No. 7**).

**A.     Betty Silva  (Case No. 1:08 GD 50290, ECF No. 7)**

Silva filed her case on September 5, 2008. She submitted her PFS to Defendants on October 20, 2008. The PFS apparently identified a scan taken on April 4, 2001, but failed to

---

[2]Richard Evans passed away on January 19, 2009. (ECF No. 8.) Vickie Evans Vriesenga, the Personal Representative of Richard Evans' Estate, is now prosecuting the case. (ECF Nos. 9, 10.)

identify the manufacturer of GBCA used in the scan. On December 4, 2008, GE filed Part I of the Defendant Fact Sheet ("DFS") triggering the 120-day period for Plaintiff to conduct third-party discovery to ascertain the manufacturer of the GBCA used in the scan. Silva died on December 21, 2008.[3] After Silva died, counsel claims that he worked hard to obtain information about Silva's medical history from her surviving family members. On June 16, 2009, more than two weeks after the Second Motion was filed, Silva submitted an amended PFS that identified several additional healthcare providers; identified Bracco as the manufacturer of the GBCA used in a previously unknown scan; and re-stated that Silva did not know the manufacturer of the GBCA allegedly used in the April 2001 scan. Silva argues that the submission of the amended PFS necessitates the submission of an amended DFS Part I and that, once it is filed, a new 120-day clock for conducting third-party discovery will begin. Silva claims that she is expecting records from the healthcare providers listed in her amended PFS, and asks for 30 days after receipt of those records to file any applicable voluntary dismissals pursuant to CMO No. 11.

GE disagrees that Silva's obligation to conduct product identification discovery is stayed pending receipt of the amended DFS, and the Court agrees. If this were the case, Plaintiffs could intermittently file an amended PFS that identifies one more healthcare provider who may (or not) have information leading to the discovery of another scan, further delaying Plaintiff's obligation to conduct third-party discovery and staying dismissal of its claims with prejudice. GE argues, in the alternative, that the Court limit the time for Silva to conduct third-party discovery to 30 days.

---

[3]Silva's case is now being litigated against numerous Defendants, including GE, by her heirs Rachel and Shawn Patillo. (ECF Nos. 8, 10.) Because the Patillos filed an amended complaint with Betty Silva's name in the caption as Plaintiff (ECF No. 11), the Court will continue to refer to the Plaintiffs as "Silva."

The Court has reviewed the briefs and the record and concludes that Silva may have no more than 30 more days – that is, <u>until the close of business on August 20, 2009</u> – to conduct third-party discovery to ascertain whether Betty Silva was administered Omniscan. Otherwise, the pending Motion will be granted and her claims against the GE Defendants will be dismissed with prejudice. Thus, the Court hereby **DEFERS** ruling on the Motion (**Case No. 1:08 GD 50290, ECF No. 7**) until August 21, 2009.

      **IT IS SO ORDERED.**

<u>/s/Dan Aaron Polster    July 21, 2009</u>
**Dan Aaron Polster**
**United States District Judge**