**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: GADOLINIUM-BASED ) | Case No. 1:08-gd-50000 |
| CONTRAST AGENTS PRODUCTS ) | MDL No. 1909 |
| LIABILITY LITIGATION ) | |
| ) | Judge Dan Aaron Polster |
| ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| ) | |

\* **THIS DOCUMENT APPLIES TO ALL CASES** \*

In response to the Court's October 15, 2009 order, Defendant GE Healthcare ("GEHC") has filed a supplemental brief recommending selection of *Knase* for this MDL's third bellwether trial. *ECF No. 548*. After reviewing both GEHC's brief and the memorandum submitted on October 14, 2009 by the Plaintiff Steering Committee ("PSC") (*ECF No. 537*) recommending *Carolus* for the third bellwether trial, the Court has determined that *Knase* is the best selection for the third bellwether trial for the following reasons.

First, as the PSC initially urged the Court to select *Knase*, both parties, at some point in time over the last two months, have designated *Knase* their choice for the third bellwether trial. Second, unlike the other three bellwether cases, all scans in *Knase* pre-date a 2006 study by Dr. Thomas Grobner, which suggested a link between gadolinium and NSF. It is clear from the Court's discussions with counsel that the parties have significantly different

opinions as to GEHC's liability for "pre-Grobner" scans, which are involved in an estimated 80% of the cases on the MDL docket. *See ECF No. 517 at 52* (PSC's "strong feeling is ... [that] 80% of the cases in your docket are likely to be reflective of cases where the scan and symptoms began before April of 2006 [when Grobner came out] ...").

Third, selection of *Knase* is consistent with the protocol for selecting bellwether trial cases negotiated and agreed to by the parties in previous Case Management Orders. Fourth, the parties have already conducted significant discovery in *Knase*. Fifth, *Knase* represents the only opportunity for Spangenberg, Shibley & Liber, Liason Counsel, and Burg Simpson, counsel with the largest number of plaintiffs in the MDL, to try a bellwether case. *See ECF No. 470* at 13 n.5.

Finally, and perhaps most importantly, the primary issue dissuading the Court from originally selecting *Knase*, the presence of two unidentified scans that took place in 1999, has been resolved. *See e.g., ECF No. 474* at 24 (asking the PSC how it planned to deal with the two unidentified scans). The PSC has represented to the Court that the two 1999 scans have been identified as Magnevist scans. *ECF No. 512* at 4. Thus, with *Knase* no longer involving two "known-unknown" scans and GEHC no longer resisting its selection as the third bellwether trial, the two strongest arguments against selection of *Knase* have disappeared. Accordingly, the Court hereby **DESIGNATES** *Knase* as the third bellwether trial in this MDL.

**IT IS SO ORDERED.**

 */s/Dan Aaron Polster     October 21, 2009*
**Dan Aaron Polster**
**United States District Judge**